UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RACHEL SEMIDEY,

      Plaintiff,

v.                                          Case No. 8:20-cv-2310-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

      Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

**I.**

**A.   Procedural Background**

Plaintiff protectively filed an application for a period of disability, DIB, and SSI (Tr. 200-12). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 87-88, 115-16, 121-28, 132-45).

---

[1] Dr. Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Kilolo Kijakazi should be substituted for Commissioner Andrew M. Saul as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

Thereafter, Plaintiff requested an administrative hearing (Tr. 146-48). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 32-60). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 12-31). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6, 195-97). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1960, claimed disability beginning March 31, 2018 (Tr. 200, 206). Plaintiff obtained a high school education and attended college for two years (Tr. 39, 236, 415). Plaintiff's past relevant work experience included work as a real estate sales agent (Tr. 236). Plaintiff alleged disability due to anxiety, chronic panic attacks, osteoporosis, and severe depression (Tr. 235).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2022 and had not engaged in substantial gainful activity since March 31, 2018, the alleged onset date (Tr. 18). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: major depressive disorder and generalized anxiety disorder (Tr. 18). Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed

2

impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 18). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: could not work in environments where there is loud noise, which is intermittent, such as a firing range; limited to simple, repetitive, and routine tasks, reasoning level 1 or 2 type occupations; could understand, remember, carry out, and maintain persistence for work duties that are detailed when work tasks are combined, provided they are made up of simple tasks that require only common-sense understanding; could do no work with more than occasional changes in the general nature of the work setting or the tasks to be performed; and could have no more than frequent interaction with the general public (Tr. 20). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 24).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform her past relevant work (Tr. 24). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a hand packager and order selector (Tr. 24-25). Accordingly,

based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 25).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his

or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal

analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

### III.

Plaintiff argues that the ALJ erred by failing to comply with Social Security Ruling ("SSR") 16-3. Basically, Plaintiff contends that the ALJ failed to properly evaluate the intensity, persistence, and limiting effects of Plaintiff's symptoms based on all the evidence in the administrative record. At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545, 416.920(a)(4)(iv), 416.945. To determine a claimant's RFC, an ALJ makes an assessment based on all the relevant evidence of record as to what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In rendering the RFC, therefore, the ALJ must consider the medical opinions in conjunction with all the other evidence of record and will consider all the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2) & (e), 416.920(e), 416.945(a)(2) & (e); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's medical condition taken as a whole").

In doing so, the ALJ considers evidence such as the claimant's medical history; medical signs and laboratory findings; medical source statements; daily activities; evidence from attempts to work; lay evidence; recorded observations; the location, duration, frequency, and intensity of the claimant's pain or other symptoms; the type, dosage, effectiveness, and side effects of any medication or other treatment the claimant takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; any measures the claimant uses or has used to relieve pain or symptoms; and any other factors concerning the claimant's functional limitations and restrictions. 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 404.1545(a)(3), 416.929(c)(3)(i)-(vii), 416.945(a)(3); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996); SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017).

As indicated, in addition to the objective evidence of record, the Commissioner must consider all the claimant's symptoms,[2] including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. *See* 20 C.F.R. §§ 404.1529, 416.929; SSR 16-3p, 2017 WL 5180304, at *2. A claimant's statement as to pain or other symptoms shall not alone be conclusive evidence of disability, however. 42 U.S.C. § 423(d)(5)(A). To establish a disability based on testimony of pain and other symptoms, the claimant must show evidence of an underlying medical condition

---

[2] The regulations define "symptoms" as a claimant's own description of his or her physical or mental impairment. 20 C.F.R. §§ 404.1502(i), 416.902(n).

and either (1) objective medical evidence confirming the severity of the alleged symptoms or (2) that the objectively determined medical condition can reasonably be expected to give rise to the alleged symptoms. *Wilson*, 284 F.3d at 1225 (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see* 20 C.F.R. §§ 404.1529, 416.929. Consideration of a claimant's symptoms thus involves a two-step process, wherein the SSA first considers whether an underlying medically determinable physical or mental impairment exists that could reasonably be expected to produce the claimant's symptoms, such as pain. 20 C.F.R. §§ 404.1529(b), 416.929(b); SSR 16-3p, 2017 WL 5180304, at *3-9. If the SSA determines that an underlying physical or mental impairment could reasonably be expected to produce the claimant's symptoms, the SSA evaluates the intensity and persistence of those symptoms to determine the extent to which the symptoms limit the claimant's ability to perform work-related activities. 20 C.F.R. §§ 404.1529(c), 416.929(c); SSR 16-3p, 2017 WL 5180304, at *3-9. When the ALJ discredits the claimant's subjective complaints, the ALJ must articulate explicit and adequate reasons for doing so. *Wilson*, 284 F.3d at 1225 (citation omitted). A reviewing court will not disturb a clearly articulated finding regarding a claimant's subjective complaints supported by substantial evidence in the record. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014); *see Foote v. Chater,* 67 F.3d 1553, 1562 (11th Cir. 1995) (*per curiam*) (citation omitted).

Here, Plaintiff argues that the ALJ failed to consider her subjective complaints regarding weakness, fatigue, loss of energy, dizziness, and side effects

from medication. Indeed, the decision does not reflect that the ALJ appropriately considered Plaintiff's subjective complaints or factored any of them into the RFC even though Plaintiff consistently and repeatedly complained of dizziness, weakness, fatigue, and side effects from medication. For example, in June 2018, she reported weakness, fatigue, depressed mood, loss of pleasure in activity, loss of appetite, problems concentrating, anxiety, and lethargy (Tr. 423). During a July 2018 psychosocial assessment, Plaintiff endorsed symptoms of anxiety, nervousness, panic attacks, weight loss, racing thoughts, upset stomach, withdrawal, little to no energy, and lack of motivation (Tr. 414). In a Mental Impairment Questionnaire filled out the same month, Dr. Steven Abraham identified Plaintiff's symptoms and side effects as including, among other things, decreased energy, sleep disturbance, anhedonia, weakness, difficulty thinking or concentrating, social withdrawal and isolation, irritability, and generalized, persistent anxiety (Tr. 402-04). After an October 2018 examination, Plaintiff was assessed with anxiety, fatigue, and insomnia, after indicating that her anxiety initially improved with medication but started to return as of August 2018 (Tr. 438-41, 517-20). Likewise, following examinations in December 2018 and January, February, April, and May 2019, Dr. Ron Shemesh diagnosed Plaintiff with anxiety, fatigue, and insomnia, after consistent reports of increased anxiety and mood changes by Plaintiff (Tr. 497-98, 500-16).

    Though Plaintiff reported compliance with medication and denied side effects in April 2019, she also reported her Effexor was not working, she still

experienced a lot of anxiety, she woke up feeling anxious and short of breath, and she had difficulty sleeping (Tr. 471). During that same appointment, ARNP Joann Ford noted that Plaintiff presented as "a little shaky" and exhibited signs of anxiety and PTSD, pointing to Plaintiff's shaking, trembling, shortness of breath, smothering, and difficulty falling and staying asleep, despite noting several other normal findings upon examination (Tr. 471). In June 2019, Plaintiff reported that her energy was good but she still experienced anxiety and nervousness, with ARNP Ford noting that Plaintiff exhibited signs of anxiety and PTSD (Tr. 472). The next month, she reported to Dr. Theresa Ruano that, although she had been sleeping okay and the Effexor helped with the anger, her energy level was low and she had been feeling angry and irritable (Tr. 473). She presented to Dr. Ruano with her attitude and behavior showing signs of being tearful with a depressed mood and an affect that was depressed, anxious, and constricted (Tr. 475).

      She also consistently reported experiencing dizziness, weakness, and side effects from her medication throughout the administrative process. In an August 2018 pain questionnaire, Plaintiff indicated that she experienced daily pain and both dizziness and disorientation as side effects from her medication (Tr. 246). Later that month, she completed a Function Report, complaining of an inability to pick up anything weighing more than 10 pounds, chronic fatigue, pain in her body most days, anxiety, and depression, which she felt was disabling (Tr. 248). She also noted that she experienced dizziness, tiredness, dry mouth, fatigue, and a racing heartbeat as side effects from her medication (Tr. 255). In a subsequent December 2018

Disability Report, Plaintiff reiterated that she experienced fatigue, dizziness, confusion, and anxiety as side effects from her medication (Tr. 263). Likewise, in a March 2019 Disability Report, Plaintiff again noted that she experienced nausea, fogginess, dizziness, fatigue, heart palpitations, falling, and blurry vision as side effects from her medication (Tr. 280). During the February 2020 administrative hearing, Plaintiff testified that she experienced headaches, migraines, and dizziness as side effects from her medication every day (Tr. 46-47).[3]

In rendering the decision, the ALJ identified some of Plaintiff's subjective complaints but failed to properly consider them in light of the evidence of record (Tr. 18-24). Such failure is especially important here, where Plaintiff was at or approaching advanced age and the ALJ concluded that Plaintiff could perform a full range of work at all exertional levels. For the foregoing reasons, therefore, the ALJ failed to apply the correct legal standards, and the ALJ's decision is not supported by substantial evidence. Upon remand, the ALJ should consider Plaintiff's subjective complaints and symptoms, provide an explanation as to whether the record supports them, and, to the extent that the ALJ concludes that the subjective complaints are supported by the record, incorporate limitations into the RFC to account for them.

---

[3] Initially, in his opening statement at the administrative hearing, Plaintiff's counsel indicated that Plaintiff was taking medicine for her psychiatric problems with no significant side effects, except that she needed to avoid extreme heat and humidity, as one of the medications contained a warning (Tr. 36). Later in the administrative hearing, Plaintiff corrected counsel's statement to indicate that she did in fact experience side effects from her medication, including headaches, migraines, and dizziness, every day (Tr. 46-47).

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is REVERSED and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with this Order.

2. The Clerk is directed to enter final judgment in favor of Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 26th day of September, 2022.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record